**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| TREVOR THOMAS FREEMAN, | Case No. 2:07-CV-02000-MMS |
| Petitioner, | ORDER |
| v. | |
| D.K. SISTO, Warden, et al., | |
| Respondents. | |

Pro se Petitioner Trevor Freeman, an inmate at California State Prison, Solano, seeks a writ of habeas corpus under 28 U.S.C. § 2254 disputing the California state court's denial of his habeas petition challenging the California Board of Parole Hearings ("BPH") denial of parole.  Petitioner alleges the denial of parole violated his rights under the Fifth, Sixth, and Fourteenth Amendments of the Constitution.  Having considered the arguments of the parties, the Court DENIES the petition for the reasons stated below.

## BACKGROUND

Freeman is serving a sentence of 15 years to life for second degree murder. In 1990, Freeman held down 19-year-old Joshua Martin while an accomplice injected him with Thorazine.  Freeman and his accomplice then placed the victim in the trunk of a car and drove him to a remote area where he was shot 23 times.

1  Martin was buried in a shallow grave. Freeman pled guilty to the murder.

2      The BPH denied Freeman parole in January 2007, finding a number of
3  factors indicated that he would pose a risk to society if released. The Board
4  focused first on the violent manner in which the crime was committed. The BPH
5  next found that Freeman's disciplinary record while in prison suggested he was
6  unsuitable for release. The BPH finally pointed to a psychological report and
7  Freeman's inadequate post-parole plans as factors weighing against suitability for
8  release.

9      Freeman then filed a state habeas petition in California Superior Court
10 challenging the BPH's denial of parole. The Superior Court affirmed the BPH's
11 decision, finding that the nature of the commitment offense and the other factors
12 cited in the BPH decision provided "some evidence" that Freeman was unsuitable
13 for release. Freeman exhausted state remedies and then filed a timely federal
14 habeas petition.

## DISCUSSION

16     Under California law, prisoners serving indeterminate life sentences become
17 eligible for parole after serving a minimum term of confinement. *In re*
18 *Dannenberg*, 104 P.3d 783, 785-86 (Cal. 2005). California regulations state that "a
19 life prisoner shall be found unsuitable for and denied parole if in the judgment of
20 the panel the prisoner will pose an unreasonable risk of danger to society if
21 released from prison." Cal. Code Regs. tit. 15, § 2402(a). In making this
22 suitability determination, the BPH looks to factors such as the nature of the
23 commitment offense, the prisoner's record of violence, social history, behavior in
24 prison, and any other information relevant to whether the prisoner poses an
25 unreasonable risk to society. *See* Cal. Code Regs. tit. 15, § 2402(b)-(d).

26     If the prisoner files a state habeas petition, the state court reviews the

decision of the BPH to determine whether "some evidence" supports the unsuitability determination. *See In re Shaputis*, 190 P.3d 573, 580-81 (Cal. 2008). California has defined "some evidence" to mean that the BPH's determination "must have some indicia of reliability." *In re Scott*, 15 Cal. Rptr. 3d 32, 52 (2004) (internal quotation marks omitted). A decision is not supported by "some evidence" if the BPH denies parole solely on the basis of facts of the commitment offense. *See In re Lawrence*, 190 P.3d 535, 549 (Cal. 2008).

In *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc), the Ninth Circuit explained the standard federal courts are to apply in reviewing the California court's denial of habeas relief to a prisoner challenging the BPH's denial of parole. The court held that a federal court may grant a writ of habeas corpus only if the "decision rejecting parole was an 'unreasonable application' of the California 'some evidence' requirement, or was 'based on an unreasonable determination of the facts in light of the evidence.'" *Id.* at 562-63. California must comply with its own procedures. *Id.*

The nature of Freeman's crime and his prison disciplinary record provided the BPH sufficient grounds to deny him parole. *See* Cal. Code Regs. tit. 15, § 2402(c)(1), (6). Freeman's crime was cruel and heinous. He held down his victim while his accomplice injected him with Thorazine. His victim was shot numerous times and left in a remote area. These facts provide sufficient evidence to support the finding that the commitment offense was carried out in a cruel and heinous manner. A state may not, however, rely solely on the crime of conviction in denying parole. *See Cooke v. Solis*, 606 F.3d 1206, 1214 (9th Cir. 2010). The BPH also pointed to Freeman's prison disciplinary record. Freeman has five serious rules violations in prison. In 1992, he was involved in two violent altercations, stabbing his victim during one incident. As recently as 2002, Freeman

1  was cited for disobedient behavior after he threw a "child-like tantrum." These
2  incidents provide enough evidence to support the BPH's finding that Freeman's
3  prison record suggests he still poses an unreasonable risk to society. Moreover, the
4  BPH correctly observed that the psychological report was not informative and
5  hence not positive.

6  Freeman next raises what he refers to as a contractual claim, arguing that his
7  continued confinement violates his plea agreement to the murder charge. Freeman
8  has filed a number of documents with the Court explaining the nature of this
9  argument, but no matter how one looks at the issue, Freeman has failed to show a
10 violation of federal law. To the extent Freeman challenges the validity of the plea
11 agreement itself, he does so well after the statute of limitations for this claim has
12 run, and such a claim is therefore time-barred. 28 U.S.C. § 2244(d)(1). To the
13 extent he contends the federal Constitution required the State to release him after
14 he served the minimum term of his indeterminate sentence, this claim is also
15 without merit. *Hayward* held that California prisoners have a federally enforceable
16 right to parole only when the state court unreasonably applied the "some evidence"
17 standard. Because the Court has already found that the California Superior Court
18 did not unreasonably apply this standard, there has been no violation of federal law
19 in connection with the BHP's denial of parole.

20 Petitioner's *Apprendi* claim is also without merit. Petitioner argues that the
21 BPH violated his constitutional rights in denying parole by relying on facts not
22 submitted to a jury. Specifically, Petitioner argues that any finding about the
23 severity of the commitment offense that factors into a parole denial must be
24 submitted to a jury and found beyond a reasonable doubt. *Apprendi* held that
25 "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a
26 crime beyond the prescribed statutory maximum must be submitted to a jury, and
27
28                                              4

proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 489 (2000). It applies to trial court sentencing proceedings, not to post-conviction determinations for which there is no right to a jury trial. *See United States v. Huerta-Pimental*, 445 F.3d 1220, 1225 (9th Cir. 2006). Moreover, Freeman is serving an indeterminate life sentence, and his "statutory maximum" is the rest of his life. No BPH finding could possibly increase his incarceration past that point.

## CONCLUSION

For the above reasons, the petition for a writ of habeas corpus is DENIED. Petitioner's motion for state trial court transcripts is DENIED as moot. A certificate of appealability is also DENIED because Petitioner has failed to show his claims are "debatable among reasonable jurists." *See Hayward*, 603 F.3d at 555.

DATED: September 8, 2010

/s/ *Mary M. Schroeder*
MARY M. SCHROEDER,
United States Circuit Judge
Sitting by designation

5